**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PLATINUM LOGISTICS, INC., a
Wyoming corporation,

               Plaintiff-Appellant,

  v.

PLATINUM CARGO LOGISTICS, INC.,
a California corporation; et al.,

               Defendants-Appellees.

No. 16-55119

D.C. No.
3:15-cv-00617-CAB-KSC

MEMORANDUM[*]

PLATINUM LOGISTICS, INC., a
Wyoming corporation,

               Plaintiff-Appellee,

  v.

PLATINUM CARGO LOGISTICS, INC.,
a California corporation; et al.,

               Defendants-Appellants,

 and

EXPO DISPLAYS CARIBBEAN, INC.,

No. 16-55155

D.C. No.
3:15-cv-00617-CAB-KSC

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DBA Platinum Cargo Logistics; et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted October 4, 2017
Pasadena, California

Before:  FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

In this case, Platinum Logistics, Inc. brought its third suit against Platinum Cargo Logistics, Inc.. After Platinum Logistics filed the present action, Platinum Cargo requested and the district court awarded the costs (including attorney's fees) that Platinum Cargo accrued in the second action. When Platinum Logistics failed to pay the award, the district court dismissed this third action with prejudice. Platinum Logistics now challenges both of these decisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

1. The district court awarded costs and attorney's fees (accrued in the second action) pursuant to Federal Rule of Civil Procedure 41(d). Rule 41(d) provides that

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that

2

previous action; and (2) may stay the proceedings until the plaintiff has complied.

By the plain language of the rule, a court may award costs only if the plaintiff voluntarily dismissed the prior action. Here, the second action was involuntarily dismissed without prejudice. Thus, the district court could not award costs accrued in the second action pursuant to Rule 41(d).

2. The district court failed to properly invoke its inherent power to award the costs and attorney's fees accrued in the second action. Under our precedent, "the district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). However, when a court invokes its inherent power to impose sanctions, it triggers due process concerns. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 n.14 (1980). Thus, Platinum Logistics was "entitled to notice, an opportunity to be heard and a finding of bad faith" prior to the district court awarding costs and attorney's fees to Platinum Cargo under its inherent authority. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1143 (9th Cir. 2001).

Platinum Logistics did not receive adequate notice that the court was considering inherent power sanctions nor did the court conduct a hearing on the

3

matter. Platinum Cargo made fleeting references in its motion to the district court's "inherent power," but presented no argument on that issue. In its order, the district court noted that, as an alternative to Rule 41(d), it found "that [Platinum Logistic's] conduct and tactics warrant payment of [Platinum Cargo's] costs and fees . . . as a sanction pursuant to the Court's inherent power," but also noted that Platinum Cargo "did not make such an argument." Thus, Platinum Logistics did not receive adequate due process.

3. Platinum Cargo's argument that the "two-dismissal" rule in Federal Rule of Civil Procedure 41(a) applies to the facts of this case lacks merit. Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal . . . or a stipulation of dismissal." In addition, "if the plaintiff previously dismissed any federal or state-court action based on or including the same claim, *a notice of dismissal* operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Here, Platinum Logistics did not file a notice of dismissal in the second action. Thus, under the plain meaning of the rule, the dismissal of the second action was not an adjudication on the merits and the "two-dismissal" rule does not apply.

4. The district court dismissed the present action with prejudice when Platinum Logistics failed to pay the costs and fees awarded to Platinum Cargo.

4

Because we vacate the award of costs and fees, we also vacate the district court's order dismissing the present action.

**VACATED and REMANDED**

The parties shall bear their own costs on appeal.